## EXPRESS LEASING, INC., etc v CROCCO

Case No. 88-3479-CC-12-H

Seventh Judicial Circuit, Volusia County

July 6, 1989

### APPEARANCES OF COUNSEL

**Fred B. Share,** for plaintiff.

**Jerry Crocco,** pro se.

### OPINION OF THE COURT

SHAWN L. BRIESE, County Judge.

THIS CAUSE came to be considered, without a hearing, pursuant to plaintiff's filing a Motion for Order in Aid of Execution and Supplement thereto. The Court upon researching the issue finds as follows:

Final judgment in the amount of $3,899.15 was entered in plaintiff's favor on March 14, 1989. The court file reflects that Notice of Taking Deposition Duces Tecum in Aid of Execution was filed March 28, 1989; said deposition was scheduled on April 12, 1989. Execution was filed May 18, 1989. Plaintiff, on June 12, 1989, filed a Motion for Order in Aid of Execution seeking to have a levy of execution based upon instructions for levy at defendant's apparent residence without defendant's permission, i.e., by the use of a locksmith. The alleged basis for the ex parte motion was a belief by plaintiff that notice to the

172

defendant "would result in the removal of the assets sought to be levied upon." A June 23, 1989 Supplement to plaintiff's motion further detailed the items sought to be levied upon and specific reasons for plaintiff's ex parte request.

This Court would initially note that there is no Florida statute authorizing forcible entry of a private residence to execute civil process. Likewise, there is no Florida caselaw dealing with the issue. The only Florida authority on point is 1959 Op. Atty. Gen. Fla. 059-16 (January 26, 1959). Forcible entry into a private residence for purposes of levying on personalty to satisfy a writ of execution is not permitted at least absent a specific court order so permitting or directing. For similar treatment in the tax collection matters see 1983 Op. Atty. Gen. Fla. 83-21 (April 1, 1983) and 1966 Op. Atty. Gen. Fla. 066-27 (March 18, 1966). Out of state authority is in accord. 57 ALR 210 and cases cited therein. See also 80 C.J.S. (Sheriffs and Constables) § 62c; 30 Am. Jur. 2d (Executions) § 260-261; and 70 Am. Jur. 2d (Sheriffs, Police, and Constables) § 110 and cases cited therein.

It is recognized that a judgment creditor should not be thwarted by a judgment debtor simply placing his "goods and chattels" in his residence to prevent levy. 1959 Op. Atty. Gen. Fla. 059-16 (January 26, 1959) correctly enunciates the correct procedure to reach said property, i.e., proceedings supplementary pursuant to § 56.29 *Fla. Stat.* (1989).

It would appear, pursuant to subsection (1), that execution should be attempted prior to proceedings supplementary. Subsection (6) addresses the disposition of personal property to delay, hinder, or defraud creditors. Subsections (5) and (9) provide for specific court orders to subject property of a defendant to execution. A judgment debtor's participation in the presence of a court or a master is clearly contemplated in proceedings supplementary.

While this Court does not address the applicability of a court's "all writ" power to the instant circumstances it would parenthetically note that only the circuit court has the power to issue all writs necessary or proper to the complete exercise of its jurisdiction. Art. V, § 5(b), *Fla. Const.* A similar provision is not found in Art. V, § 6(b), *Fla. Const.* (Jurisdiction of county courts).

Based on the above and foregoing, it is hereby:

ORDERED and ADJUDGED that plaintiff's Motion for Order in Aid of Execution is denied.

DONE and ORDERED in Chambers at Daytona Beach, Volusia County, Florida this 6th day of July, 1989.